IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



JAYSON MICKLE,

    Petitioner,

v.                                        CRIMINAL NO. 4:15cr18-5

UNITED STATES OF AMERICA,

    Respondent.

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Jayson Mickle's ("Petitioner") Motion for Compassionate Release. ECF No. 999. For the reasons stated below, Petitioner's Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Petitioner was originally indicted on 37 counts related to his alleged involvement in a conspiracy to distribute analogues of controlled substances commonly known as "spice." ECF No. 74. Petitioner ultimately pled guilty to Count One of the Indictment, charging Petitioner with Conspiracy to Distribute and Possess with Intent to Distribute Schedule I Controlled Substances, in violation of 18 U.S.C. §§ 813 and 846. ECF No. 1001. In 2008, Petitioner, and his father, opened Hampton Pipe and Tobacco ("HPT") and Blazin Herbs ("BH") where Petitioner sold spice in both businesses. *Id.* Petitioner personally created two blends of spice and instructed his employees that the spice was to be called herbal incense or potpourri. *Id.* Although HPT and BH marketed this spice as 'incense' or 'potpourri' and indicated that the products were 'not for human consumption,' Petitioner knew that this spice would be smoked by people for the purpose of becoming intoxicated. *Id.*

1

On February 15, 2017, Petitioner was sentenced to a term of 210 months imprisonment plus 3 years of supervised release. ECF No. 688. Petitioner was then ordered to forfeit several items of real and personal property pursuant to 21 U.S.C. § 853(n)(7). ECF No. 701.

On July 23, 2020, Petitioner filed a motion for compassionate release due to the ongoing threats COVID-19 imposes. ECF No. 999. The Court then ordered the appropriate responses on July 28, 2020. ECF No. 1000. The Government responded in opposition on August 6, 2020. ECF No. 1003. Petitioner replied to the Government's response on August 12, 2020. ECF No. 1004. Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A district court may modify a petitioner's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Federal Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.* Courts may; however, waive the exhaustion requirement under exigent circumstances. *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020) (discussing the reasons "judicial waiver of the exhaustion requirement is permissible in light of the extraordinary threat certain inmates face from COVID-19").

### B. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if

2

"extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. §1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the Bureau of Prisons before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. §1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the Bureau of Prisons. As such, U.S.S.G. §1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive").

Additionally, and importantly, a petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Instead, the Court may consider a combination of factors, including — but not limited to — those listed in U.S.S.G. §1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

### III. DISCUSSION

#### A. The Exhaustion Issue

Petitioner proffers no evidence to suggest that Petitioner previously requested relief from the BOP due to the COVID-19 pandemic. At any rate, this Court has previously held that the exhaustion requirement within § 3582(c)(1)(A) may be waived in the midst of the COVID-19 pandemic. *See supra* Part II.A; *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020). Accordingly, the Court will waive the exhaustion requirement due to the ongoing threats COVID-19 imposes.

#### B. Resolution of Petitioner's Request for Compassionate Release

*1. Consideration of the Factors Listed in 18 U.S.C. § 3553(a)*

In its consideration of the factors listed in 18 U.S.C. § 3553(a), the Court notes that Petitioner's offense conduct is much more serious than the title of his offense of conviction. ECF No. 1001. The Presentence Report revealed that Petitioner caused or directed several co-conspirators to purchase 30,156 grams of raw chemicals for the production of spice. *Id.* Petitioner also obtained 1,060,284 grams of spice from a foreign-based spice manufacturer and Petitioner is attributed with 272,182.4116 kilograms of marijuana. *Id.* According to the CDC, spice abuse "is a global problem."[1] Adverse effects from the use of spice "range from temporary changes in mental

---

[1] *Synthetic Cannabinoids: An Overview for Healthcare Providers*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Sept. 11, 2020), https://www.cdc.gov/nceh/hsb/chemicals/sc/healthcare.html

4

status to death." *Id.* Undoubtedly, Petitioner's significant role in distributing spice in the Eastern District of Virginia significantly contributed to this "global problem."

Furthermore, at the time of sentencing the statutory maximum for Petitioner's offense was 240 months. To date, Petitioner has only served approximately 71 months of his 210-month sentence. Based upon the foregoing, Petitioner's offense conduct strongly implicates the need for a sentence "to reflect the seriousness of the offense...and to provide just punishment." 18 U.S.C. § 3553(a)(2)(A)–(B). On the other hand, the Court also considers that Petitioner has no Bureau of Prisons disciplinary record. ECF No. 999. He has also participated in rehabilitative programming and obtained several religious-based certifications. *Id.* After full consideration of the § 3553(a) factors, however, the Court concludes that the purposes of Petitioner's sentence remain unfulfilled.

2. *Evaluation of "Extraordinary and Compelling Reason"*

In evaluating whether an "extraordinary and compelling reason" for a sentence reduction has been established, the Court considers the severity of the ongoing COVID-19 outbreak in federal prisons. *See e.g. Wilson v. Williams*, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton). Specific to each petitioner, the Court examines the Centers for Disease Control's list of risk factors for severe COVID-19 complications when assessing compassionate release motions during the pandemic. *United States v. Lewellen*, 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020).

Here, Petitioner offers his asthma and celiac disease as underlying conditions that may exacerbate a potential COVID-19 infection. ECF No. 38 at 3. The Court notes that the CDC lists asthma and immunocompromising diseases as medical conditions that may cause an "increased risk of severe illness from COVID-19."[2] The Court, however, is unable to conclude that Petitioner

---

[2] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

5

is particularly vulnerable to COVID-19 based upon Petitioner's failure to produce any recent medical records to support his claims. Upon review, Petitioner's medical records only span from 2017 to March 2018. ECF No. 1004-1. In those records, Petitioner maintains a final report from March 29, 2018 (approximately two and a half years ago) in which Petitioner's radiologist notes "[t]he cardiac silhouette is normal. Trachea is midline. Mediastinal and hilar contours are unremarkable. Lungs and pleural spaces are clear. Thoracic musculoskeletal structures are age appropriate." *Id.* at 4. Therefore, at least since March of 2018, Petitioner's cardiovascular functions are in good and working order.

Although Petitioner's medical records do indicate a history of asthma, Petitioner proffers no evidence of any prescribed inhaler or any description of the severity of Petitioner's asthma. Based upon this lack of evidence, the Court is inclined to believe that Petitioner's asthma is well-maintained. Regarding Petitioner's celiac disease, the Court recognizes that Petitioner is experiencing some gastrointestinal issues related to this disease. *Id.* at 5. However, the Court notes that "there have been no studies or reports suggesting patients with celiac disease are at increased risk of severe illness from COVID-19 compared to patients without celiac disease."[3] While celiac disease may be considered an autoimmune disease, it "is not considered an immunocompromising condition."[4]

Accordingly, Petitioner has failed to produce enough information about his medical issues to show a heightened risk of severe illness or death. *See United States v. Dickson*, 2020 WL 1904058, at *3 (N.D. Ohio Apr. 17, 2020) ("[petitioner] offers no proof, such as medical records

---

conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

[3] *Celiac Disease and COVID-19*, CELIAC DISEASE FOUNDATION, https://celiac.org/celiac-disease-and-covid-19/ (last visited September 25, 2020).

[4] *Celiac Disease and COVID-19*, NATIONAL CELIAC ASSOCIATION, https://nationalceliac.org/celiac-disease-and-covid-19/ (last visited September 25, 2020).

that would substantiate [underlying health issues]"); *United States v. Clark*, 2019 WL 1052020, at *3 (W.D.N.C. Mar. 5, 2019) (denying motion for compassionate release because the petitioner failed to supply medical records to substantiate medical claims).

Based upon the foregoing reasoning, the Court is unable to find an extraordinary and compelling reason for relief after considering the unfulfilled purposes of Petitioner's original sentence.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**. The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Newport News, Virginia
September 30, 2020

Raymond A. Jackson
United States District Judge